IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO SANCHEZ,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | No. CV-F-08-967 OWW<br>(No. CR-F-99-5064 OWW)<br><br>ORDER DIRECTING PETITIONER<br>TO FILE FIRST AMENDED<br>MOTION TO VACATE, SET ASIDE<br>OR CORRECT SENTENCE PURSUANT<br>TO 28 U.S.C. § 2255 WITHIN<br>30 DAYS OF THE FILING DATE<br>OF THIS ORDER |

　　　On July 7, 2008, Petitioner Fernando Sanchez filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

　　　Petitioner was charged in No. CR-F-99-5064 with illegal entry into the United States as both a misdemeanor and a felony offense, and with being a deported alien found in the United States.  Petitioner was charged in No. CR-F-99-5103 by Superseding Information with possession of methamphetamine with intent to distribute.  Petitioner pleaded guilty pursuant to a

written Plea Agreement to being a deported alien found in the United States and with possession of methamphetamine with intent to distribute.  Petitioner was sentenced on May 1, 2006 in No. CR-F-99-5064 to 121 months incarceration and that this term of imprisonment run concurrent to the sentence imposed in No. CR-F-99-5103.  Petitioner was sentenced on May 1, 2006 in No. CR-F-99-5103 TO 121 months incarceration and that this term of imprisonment run concurrent to the sentence imposed in No. CR-F-99-5064.  Petitioner did not file a Notice of Appeal.

Petitioner's Section 2255 motion addresses only his conviction and sentence in No. CR-F-99-5064, i.e., to being a deported alien found in the United States.

Petitioner contends that he was denied the effective assistance of counsel because (1) "defense counsel misrepresented and misadvised the plea to defendant about the condition of his plea bargain when specifically enquired [sic] by defendant, in as much as counsel knew that defendant's whole behaviour [sic] and guilty plea was structured to avoid a plea agreement that would not result in a long sentence or prison time" and (2) defense counsel failed to argue for a downward departure as a consequence of Petitioner's status as a deportable alien.  Petitioner further asserts that he is entitled to a downward departure for post-conviction rehabilitation pursuant to U.S.S.G. § 5K2.19.

Section 2255 provides that a one-year period of limitation applies to a Section 2255 motion, which limitation period runs from the latest of:

>    (1) the date on which the judgment of conviction became final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Applicable here is Section 2255(1).  In *Calderon v. U.S. Dist. Court for Central Dist. of Cal.*, 128 F.3d 1283 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 and 523 U.S. 1061 (1998), *overruled on other grounds*, 163 F.3d 530 (9th Cir. 1998), the Ninth Circuit held that the one-year limitations period applicable to Section 2255 motions is subject to equitable tolling.  However, the Ninth Circuit further held:

>    Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a petitioner's control make it impossible to file a petition on time ... We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.
>
>    <u>Id</u>. at 1288-1289.

   Petitioner alleges no facts from which it may be determined that his Section 2255 motion is timely filed or that he is

3

entitled to equitable tolling of the one-year limitation period.

Because it appears from Petitioner's motion that it may be untimely, Petitioner is directed to file within 30 days of the filing date of this Order an amended Section 2255 motion setting forth the grounds upon which he seeks relief and the facts upon which he relies in contending that his motion is timely filed or that he is entitled to equitable tolling.  Failure to timely comply will result in the dismissal of his Section 2255 motion as untimely.

IT IS SO ORDERED.

**Dated:   July 23, 2008**          /s/ Oliver W. Wanger
UNITED STATES DISTRICT JUDGE